## SYLVAN
v.
## ST. PAUL–MERCURY INDEM. CO.
### Civ. A. No. 3642.

United States District Court
E. D. South Carolina.
Columbia Division.
Dec. 11, 1953.

J. Bratton Davis and C. T. Graydon, Columbia, S. C., for plaintiff.

Fulmer & Barnes, Columbia, S. C., for defendant.

WYCHE, District Judge.

On February 12, 1953, the plaintiff Johannes B. Sylvan as an injured employee of Sylvan Brothers, Inc., received an award under the South Carolina Workmen's Compensation Act. In the award, St. Paul-Mercury Indemnity Company, the defendant herein, as the insurance carrier, was ordered to pay to the plaintiff herein the sum of $18,372.-10. In due course an appeal from that award was taken to the Court of Common Pleas for Richland County; that Court affirmed the award. The defendant herein then appealed that case to the Supreme Court of South Carolina where the appeal is now pending.

Section 72–356 of the Code of Laws of South Carolina, 1952, provides: "* * In case of an appeal from the decision of the Commission on questions of law, such appeal shall operate as a supersedeas for thirty days only and thereafter the employer shall be required to make payment of the award involved in the appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this Title."

When thirty days had elapsed after February 12, 1953, the plaintiff demanded the amount of the award from the defendant. The defendant refused payment. Thereafter the present action was brought in this Court.

The complaint herein alleges diversity of citizenship and a controversy exceeding $3,000; that under the contract of

insurance issued by it, the defendant was required to pay to the plaintiff the amount of the award and under the law that amount was due thirty days after February 12, 1953; that by reason of this alleged breach of contract, accompanied by fraudulent acts, the plaintiff is entitled to actual and punitive damages in the sum of $50,000.

The material facts in the case are not disputed; however, the defendant moved for an order to stay this proceeding and defended this action on the grounds that an appeal is now pending in the Supreme Court of South Carolina on the case discussed earlier herein; and that the State Courts have exclusive jurisdiction over the plaintiff's claim.

The Supreme Court of South Carolina, in Bannister v. Shepherd, 191 S.C. 165, 4 S.E.2d 7, 11, acting under the authority of what is now Section 72–356 of the South Carolina Code, affirmed the Circuit Court which had ordered the insurance carrier to pay to the insured employee the amount of the award of the Commission at the end of the thirty day period, even though an appeal to the Supreme Court in that case was still pending. In this case the State Supreme Court said: " "* * * Procedure under the act is summary in character in order to furnish immediate aid to injured employees, and a careful reading of the statute as a whole leads to the conclusion that it was the intention of the legislature that payment of these weekly allowances should not be staid. * * *' * * * The Legislature has in clear and convincing language provided that an appeal shall only act as a supersedeas for a period of thirty days, whether or not this was a wise decision on the part of the General Assembly, it is not the province of this Court to say. This Court can only carry out the intention of the Legislature as expressed in the Act. * * * the case is now on appeal to the Supreme Court and if this Court did not order the payment of the award another year might elapse before the claimant would receive any benefit from his award. It is entirely probable that it was to prevent just such delays, as. here, that the Legislature only allowed a supersedeas for thirty days. * * *. when we consider the purpose of enacting the Workmen's Compensation Act,. i. e., to provide a system 'whereby employers and employed might escape from personal injury litigation and every employee not guilty of willful misconduct might receive *at once* a reasonable recompense for injuries accidentally received in his employment under certain fixed rules and without friction' (71 C.. J., 242–3) it does not seem unreasonable or unfair (to require the payment of the award during the pendency of an appeal). * * * 'It is to be noted * * that the judgment of the Commission in favor of a claimant is *prima facie* evidence of his right to recover. * * *' "

█ Following the South Carolina law, as this Court must, it is clear that the award of the South Carolina Industrial Commission is now due to the plaintiff by the defendant and has been due since March 14, 1953; and the plaintiff is entitled to have it now, with interest thereon, at the rate of six per cent. per annum.

### Findings of Fact

1. The plaintiff is a resident of Richland County, South Carolina, and the defendant is a nonresident corporation and the amount of this controversy exceeds $3,000.

2. The parties hereto are subject to and bound by the terms of the provisions of the South Carolina Workmen's Compensation Act and its amendments.

3. On the 12th day of February, 1953, the South Carolina Industrial Commission ordered the payment by the defendant to the plaintiff of the sum of $18,372.10.

4. More than thirty days have elapsed since the 12th day of February, 1953.

5. There is no evidence of fraud on the part of the defendant accompanied by a fraudulent act in failing to make the payments of the award to the plaintiff.

## Conclusions of Law

It is the conclusion of this Court that it has jurisdiction of this cause and that the award of the South Carolina Industrial Commission is now due to the plaintiff by the defendant and has been due since the 14th day of March, 1953, with interest thereon since the 12th day of February, 1953, at the rate of six per cent. per annum.

█ It is, therefore, ordered, adjudged and decreed that the defendant's motion for a stay of this proceeding be denied, and that defendant St. Paul-Mercury Indemnity Company do pay to the plaintiff Johannes B. Sylvan the amount of the award, to-wit: $18,372.10, plus interest thereon from the 12th day of February, 1953, at the rate of six per cent. per annum.