**ST. PAUL–MERCURY INDEM-
NITY CO.**

v.

**SYLVAN.**

**No. 6771.**

United States Court of Appeals
Fourth Circuit.

Argued April 13, 1954.

Decided May 10, 1954.

J. Monroe Fulmer, Columbia, S. C.
(Fulmer & Barnes, Columbia, S. C., on
the brief), for appellant.

J. Bratton Davis and C. T. Graydon,
Columbia, S. C., for appellee.

Before PARKER, Chief Judge, and
SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

On January 24, 1948, Johannes B. Syl-
van, President of Sylvan Brothers, a
corporation, slipped on an icy pavement
in Columbia, S. C., while going from the
Jefferson Hotel to the place of business
of the corporation, where he worked, and
received a serious injury. He instituted
a proceeding under the South Carolina
Workmen's Compensation Act on Feb-
ruary 13, 1948, and answer was filed by
the St. Paul-Mercury Indemnity Com-
pany, the insurance carrier for the cor-
poration, denying liability. In February
1953 the South Carolina Industrial Com-
mission made an award in favor of Syl-
van in the sum of $18,372.10. In March
1953 appeal was duly taken from this ac-
tion of the Commission to the Court of
Common Pleas of Richland County, S. C.,
which affirmed the award, and from this
action of the Court of Common Pleas an
appeal was taken to the Supreme Court
of South Carolina which is still pending
before that court. No action was taken
by Sylvan in either the Court of Com-
mon Pleas or the Supreme Court to en-
force the award pending appeal, nor was
any request made for bond as a condi-
tion of supersedeas.

While the appeal was pending from
the Commission to the Court of Common
Pleas, Sylvan commenced this action in
the court below against the St. Paul-
Mercury Indemnity Company, alleging
that it had wrongfully refused to pay the
award in wanton and wilful breach of
its contract and asked damages in the

sum of $50,000. The Indemnity Company moved to dismiss the action for lack of jurisdiction or to stay proceedings therein pending action by the state court on the appeal there pending. The District Judge denied the motion to dismiss and on the admitted facts rendered summary judgment in favor of Sylvan for the amount of the award and interest, but denied recovery for any amount in excess thereof. D.C., 116 F.Supp. 601. From this judgment, the Indemnity Company has appealed.

 Plaintiff's action is grounded upon the theory that in the award of the Commission he had a cause of action enforceable in the state courts and that, as there was diversity of citizenship and more than $3,000 was involved, the federal courts had jurisdiction to enforce it. The fallacy consists in assuming that plaintiff had in the award a cause of action enforceable in the courts of the state. An award of the Workmen's Compensation Commission is reviewable by appeal such as was taken here to the Court of Common Pleas. Section 60 of the Act. Section 72–356 S.C.Code of 1952. And judgment may be had only with respect to an award "unappealed from" or an award "affirmed upon appeal". Section 61 of the Act. Section 72–357 S.C.Code of 1952. If there is an appeal from the award, the administrative proceeding is incomplete until the appeal has been disposed of, and until that time it cannot be said that a cause of action at law in favor of plaintiff has been created by the award. See Porter v. Investers' Syndicate, 286 U.S. 461, 471, 52 S.Ct. 617, 76 L.Ed. 1226. Plaintiff relies upon the sentence of section 60 of the Act, section 72–356 S.C.Code of 1952, which provides: " * * * In case of an appeal from the decision of the Commission on questions of law, such appeal shall operate as a supersedeas for thirty days only and thereafter the employer shall be required to make payment of the award involved in the appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this

Title". It is clear, however, that the effect of this provision is not to create a cause of action but to regulate procedure on appeal from an administrative award, the payments therein required being enforceable by the state court as an incident of its jurisdiction on review, not by action in an independent tribunal. Bannister v. Shepherd, 191 S.C. 165, 4 S.E.2d 7; McDonald v. Palmetto Theaters, 196 S.C. 38, 11 S.E.2d 444; Miller v. Springs Cotton Mills, S.C., 82 S.E. 2d 458. We know of no power in the federal courts to give judgment for a portion of a state workmen's compensation award which has not become final because appeal from it is pending in a state court. If the power existed, no such interference with proceedings in state tribunals would be justified under principles of comity prevailing between courts of coordinate jurisdiction. Cf. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

The judgment appealed from will be reversed and the cause will be remanded with direction to dismiss for lack of jurisdiction.

Reversed.