Kinsey C. J.
(After detailing the facts of the case) — As my opinion in the present case is founded on a particular circumstance not noticed in the argument, I do not think it material to enter minutely and at full length into a consideration of all the points which have contended for with so much ability and ingenuity. Still as an opinion upon some of those which are the most material, may in future prevent much trouble, it is thought advisable to express the judgment which the court have formed after deliberation and full argument.
We think the affidavits that have been readaffordthis court sufficient ground to say that Anderson was not a freeholder in the coiinty during the three years preceding his election: and that his commission in no way proves the contrary, nor does it authorize the court to presume that he was.
It is incumbent upon the sheriff when properly called on by the Court, to prove that he was eligible to the office; and this for a reason mentioned by one of the Counsel who argued for him, that it is impossible for the other party to prove a negative, and further because the proof is wholly in his own power. The arguments’ by which*'it has been attempted to *327 be inferred that he was legally qualified, from the fact of his being commissioned, are unsatisfactory, and inconclusive. The positive language of the act of Assembly ought neither to be frittered down by too refined constructions, nor its import destroyed by presumptions and inferences. •
Still however we think the election not ipso facto void. The case of the King v. Lisle fully establishes this point. This case is reported at some length by Andrezvs and shortly by Strange 1090; from both of the reports it may be collected, that nothing more is necessary to constitute an officer de facto than the form of an Election; and in Strange it is added “ though that upon legal objections may afterwards fall to the ground.” In the present case there was at least that form; Anderson therefore was sheriff defacto-, and we think that all his acts which were performed in discharging the duties of his office were good.
It has been contended that the wetcls for three years previous to his election, extend to the word inhabitant, and not: to the qualification annexed. To this I shall answer nearly in the words of Lord Coke in Althamis Case 8 Rep. 308. “ it “ would he against reason that they should refer only to words “ which are more remote, and not to the words of qualifica- “ tion which are immediate and next to them; and that is so ('• clear and perspicuous of itself, that it is not worthy of any “ argument or proof to confirm it.” — and in truth being general, and at tbe end of a sentence it applies to both.
(His honour here recited the section of the law which has been before given and went into a critical examination of it to confirm this construction.)
Under these circumstances therefore the Court might have felt it their duty to set this election aside, if on consideration they thought that this was proper to be done on a Certiorari; principally because we think that it is the duty of this court to prevent the plain language and clear intentions of the Legislature from being defeated, cither by an individual or a county. But as the Legislature have by a recent law prescribed a speedy and efficacious remedy in cases of this nature, which though not applying to the past will afford effectual relief in future^ as a decision by this court will leave *328 the county without a sheriff, and in this manner subject the publick to great and unforeseen inconveniences; as upon a certiorari the court have by law a discretionary power, I do not mean by this a power to do what they please not directed by law and precedents, but to employ the language of a great judge, to be confined to those limits, within which an honest man competent to the discharge of the duties of his office ought to be confined; and as I think that the continuance in office of Anderson cannot be attended with any considerable evils, I think the Certiorari ought to be quashed in the present case.
This opinion is sanctioned by that of the Court in the case of The King v. King et al. Commissioners, (a) In that case Erskine had obtained a Certiorari to remove all the assessments for the land tax in a particular district for the year 1787, and the court made the rule for quashing the certiorari absolute, on the single ground of publick inconvenience. Other cases might be cited to the same purport; but the principles of that case fully apply, to the one before the court.
Certiorari Quashed*

 3 T. R. 334.