PORTER, AUDITOR, *v.* INVESTORS SYNDICATE.

No. 627. Argued April 22, 1932.—Decided May 23, 1932.

*Mr. T. H. MacDonald,* Assistant Attorney General of Montana, with whom *Messrs. L. A. Foot,* Attorney General, and *James W. Freeman* were on the brief, for appellant.

*Mr. M. S. Gunn* for appellee.

Mr. Justice Roberts delivered the opinion of the Court.

This is an appeal from the decree of a specially constituted district court enjoining the enforcement of an order of the State Auditor, who is *ex officio* Investment Commissioner of Montana. Appellee is a Minnesota corporation engaged in the business of selling investment certificates for which the purchaser pays in instalments and which entitle him at a date therein named to receive their face value. The assumption is that the instalments of principal paid in will be augmented by interest thereon compounded at five and one-half per cent, so that the company will be able to pay the sum named in the certificate before the holder's payments reach that total.

Appellee was licensed in 1930 to do business in Montana pursuant to c. 264, Revised Code of 1921, popularly known as the Blue Sky Law, which defines investment companies (§ 4026), forbids their engaging in business without a permit from the state investment commissioner (§ 4032), requires them to apply for such permit and to submit certain information with the application (§ 4033), directs the commissioner to examine the data furnished and to issue or refuse a permit depending upon his determination that the applicant is solvent and its proposed plan of business fair, just and equitable (§ 4036), and to supervise and from time to time examine the affairs and business of all permittees (§ 4043). Sec-

tion 4045, which authorizes the revocation of permits, and § 4038 (as amended by c. 194, Session Laws 1931), which gives an action against the commissioner by a party aggrieved by any finding or decision of that officer, are those which affect the present litigation. They are quoted in the margin.*

Operating under permit appellee has built up a large business in Montana in the sale of its certificates. One form of these provides that in case of default in current payments during the first eighteen months, the purchaser shall forfeit all sums theretofore paid; for default after eighteen months, where payment of $148 on a thousand dollar certificate has been made, the holder is entitled to withdraw $42; after four years and payment of $370, the refund is $254; and after five years he is entitled to re-

---

* 4045. Revocation of Permits and Appointment of Receiver. Whenever it shall appear to the investment commissioner that the assets of any investment company doing business in this state are impaired to the extent that such assets do not equal its liabilities, or that it is conducting its business in an unsafe, inequitable, or unauthorized manner, or is jeopardizing the interests of its stockholders or the investors in stocks, bonds, or other securities by it offered for sale, or whenever any investment company shall refuse to file any papers, statements, or documents required under this act, or shall refuse to permit an examination by said investment commissioner, or his deputies or agents, as provided in this act, without giving satisfactory reasons therefor, said investment commissioner shall at once cancel its permit, and if he shall deem advisable, shall communicate such facts to the attorney-general, who shall thereupon at once make an investigation, and if the facts as presented to him by the investment commissioner are substantiated, he shall thereupon apply to a court of competent jurisdiction for the appointment of a receiver to take charge of and conclude the business and affairs of such investment company, and if such fact or facts be made to appear, it shall be sufficient evidence to authorize the appointment of a receiver and the making of such orders and decrees in such cases as equity may require.

Section 4038. Any interested person, who has appeared, co-partnership, association or corporation being dissatisfied with any finding,

payment, without interest, of the whole amount theretofore paid.

On May 7, 1931, the appellant notified the appellee and others similarly engaged to attend a hearing relative to the proposed adoption of a rule applicable to their business. Appellee appeared by an officer and counsel and stated objections. As a result of the hearing a rule was promulgated June 22, 1931, effective July 22, 1931, forbidding the issuance of certificates extending the privilege of withdrawal before maturity unless they should permit withdrawal at any time after the first year of their

---

findings or decision of the Commissioner made in accordance with the provisions of this Act, may within thirty days from the making thereof, commence an action in any court of competent jurisdiction against said Commissioner as defendant, to vacate and set aside said finding, findings or decision, on the ground that the said findings or decision are unjust or unreasonable. The rules of pleading and procedure in such action shall be the same as are provided by law for the trial of equitable actions in the district courts of this state and on the hearing the judge of said court may set aside, modify or confirm said findings or decision as the evidence and the rules or equity may require. Appeals may be taken from the decision of the district court to the Supreme Court by either party in the same manner as is provided by law in other civil actions. Pending any such action, the said findings or decision of said Commissioner shall be prima facie evidence that they are just and reasonable and that the facts found are true, and pending any such action the said findings or decision of the Commissioner shall remain in full force and effect. If no action be brought to set aside said findings or decision within thirty days, the same shall become final and binding.

Provided, however, that the original application with reference to which an appeal is herein provided for shall not be heard by the Investment Commissioner until notice of hearing on the same has been published in some newspaper published at the capital city daily, in at least seven issues of such paper, and provided further, that upon such hearing on the original application, any person, copartnership, association or corporation interested in or opposed to said application may appear.

existence, on ninety days' notice in writing, and thereupon entitle the holder to receive the total amount of all instalments paid in, less a penalty not exceeding three and one-half per cent of the matured or face value of the certificate, plus interest compounded annually, at the rate at which the certificate was guaranteed to mature or represented to pay at maturity; and that the certificate and the application should have printed thereon the amount to be paid in, the withdrawal or surrender value, and the loan value, as of the end of each year after the date of issuance.

The commissioner claimed authority to promulgate this order under that portion of § 4045 which empowers him to revoke the permit of an investment company when it shall appear to him to be " conducting its business in an unsafe, inequitable or unauthorized manner." He asserted his intention to revoke appellee's permit if it failed to obey the rule; whereupon the latter brought action in the District Court to enjoin the appellant from revoking or purporting or attempting to revoke its permit for failure to comply with the order. After the taking of evidence upon a motion for a temporary restraining order the case was by stipulation submitted as upon final hearing. The court granted an injunction, holding that the challenged statute was violative of the due process clause of the Fourteenth Amendment, as lacking any provision for notice or hearing before the revocation of a license, and also because no rule or standard is fixed for the determination of adequate cause for revocation; and further the act constituted a delegation of legislative power contrary to the mandate of Section 1, Article V, of the Constitution of Montana. The appellant assigns these rulings as error, and in addition contends that there was no jurisdiction in a federal equity court to entertain the cause. If this position is sound we need not consider the other alleged errors.

We are of opinion that the appellee failed to exhaust its administrative remedy before applying to the District Court for injunctive relief. The granting and revocation of permits is an exercise by the appellant of delegated legislative power. Section 4038 of the Code (*supra*) confers on any interested person dissatisfied with a finding or decision by the commissioner, the right within thirty days to bring an action against him in a state district court to vacate his order and set it aside as unjust or unreasonable, and directs that on the hearing the judge "may set aside, modify or confirm said . . . decision as the evidence and the rules or (*sic*) equity may require." The section confers the right to appeal to the State Supreme Court from the judgment of the trial court. Clearly the function of the state district court under the statutory mandate is not solely judicial, that is, to set aside a decision of the commissioner if arbitrary or unreasonable and hence violative of constitutional rights. The duty is laid on the court to examine the evidence presented and either to set aside or to modify or to affirm the commissioner's order, as the proofs may require. The legislative process remains incomplete until the action of that court shall have become final. *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210, 229-230; *Pacific Live Stock Co. v. Lewis*, 241 U. S. 440, 444, 450–451. And the capacity in which the court acts is none the less administrative because the proceeding is designated as a suit in equity instead of by appeal. *Keller* v. *Potomac Electric Power Co.*, 261 U. S. 428, 438-442. When the appellee was notified on June 22, 1931, that the rule adopted by the appellant would become effective July 22nd of the same year, an action could have been filed in the state court and a hearing had upon all questions of fact and law touching the propriety and legality of the order.

But we are told that the commissioner asserted his intention to enforce the order, and that the statute forbids the state court to afford interlocutory relief. Thus, says the appellee, though trial might result in a decision vacating the commissioner's order, in the interval irreparable harm would have been done by the revocation of the company's permit, and its officers and agents rendered liable to criminal prosecution. Such a state of the law, it is insisted, amounts to a denial of due process to which one confronted with the possible loss of property is not bound to submit but may at once, if there be the requisite diversity of citizenship and amount in controversy, apply to a federal court for relief. Conceding the correctness of the premises, the conclusion is sound. *Pacific Telephone Co.* v. *Kuykendall*, 265 U. S. 196. The appellant, however, denies the asserted statutory prohibition, and says that the plaintiff in an action attacking a decision by the commissioner may upon a proper showing obtain a stay of its operation.

These opposing views require a construction of the act. Section 4038 as amended provides, so far as applicable:

" The rules of pleading and procedure in such action shall be the same as are provided by law for the trial of equitable actions in the district courts of this state. . . . [and] pending any such action the said findings or decision of said Commissioner shall remain in full force and effect. If no'action be brought to set aside said findings or decision within thirty days, the same shall become final and binding."

We are cited to no case, nor have we found any, in which the state courts have interpreted or applied the section. The first clause would obviously permit the issuance of an interlocutory injunction upon a proper showing, especially in view of the provisions of the Code

of Civil Procedure.* But it is said that the succeeding clause precludes such a remedy. The argument is that the words " pending any such action " mean that during the continuance of the action and until its final decision the commissioner's order must remain in full force and effect. We think, however, that in this phrase the word " pending " has the significance of " until," or while the time is running for bringing such an action. This is one of the recognized meanings of the word, and that it is so used we think is made clear from the sentence immediately following, to the effect that if no action shall be brought to set aside the finding or decision within thirty days it shall become final and binding. When considered together we are of opinion that the two phrases mean that unless and until a person affected brings his action he may not disregard the order. We are persuaded to this view for the reason that it supports the constitutionality of the act, and we are bound if fairly possible to construe the law so as to avoid the conclusion of unconstitutionality. *Bratton* v. *Chandler,* 260 U. S. 110. The construction thus adopted is consistent with the validity of the act, whereas that pressed upon us by the appellee would clearly render it unconstitutional.

Where as ancillary to the review and correction of administrative action, the state statute provides that the

---

* § 9243. Injunction Order—When Granted. An injunction order may be granted in the following cases: 1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or, any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually; 2. When it shall appear by the complaint or affidavit that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the plaintiff; . . .

See also §§ 9244, 9245, 9246, 9247, 9250, 9251 and 9252, dealing with security to be entered on interlocutory injunction, motions to dissolve the same before trial, etc.

complaining party may have a stay until final decision, there is no deprivation of due process, although the statute in words attributes final and binding character to the initial decision of a board or commissioner. *Pacific Live Stock Co.* v. *Lewis,* 241 U. S. 440, 454. But where either the plain provisions of the statute (*Pacific Tel. Co.* v. *Kuykendall,* 265 U. S. 196, 203, 204) or the decisions of the state courts interpreting the act (*Oklahoma Nat. Gas Co.* v. *Russell,* 261 U. S. 290) preclude a supersedeas or stay until the legislative process is completed by the final action of the reviewing court, due process is not afforded, and in cases where the other requisites of federal jurisdiction exist recourse to a federal court of equity is justified.

The present case is not one in which the review of the commissioner's action is judicial in character. If it were, the authorities cited by appellee which hold that one competent to invoke the jurisdiction of the federal courts is not bound to pursue a judicial review in the state courts would apply. See *Bacon* v. *Rutland R. Co.,* 232 U. S. 134; *Prendergast* v. *New York Tel. Co.,* 262 U. S. 43; *Railroad Commission* v. *Duluth St. Ry. Co.,* 273 U. S. 625. As we have seen, under the Montana statute the administrative proceeding is not complete until the court shall have acted in revision and correction of the commissioner's decision. It would be strange indeed if the commissioner's action thus subject to alteration were nevertheless to be made as effective to harm the parties in interest as if no further administrative procedure existed. We can not so read the act in the absence of clear and unambiguous phraseology requiring that course, or of a decision of the state court so construing it.

The decree is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*