## NEW JERSEY SUBURBAN WATER CO. v. BOARD OF PUBLIC UTILITY COM'RS et al.

### No. 5854.

District Court, D. New Jersey.

June 20, 1938.

McCarter & English, of Newark, N. J. (George W. C. McCarter, of Newark, N. J., of counsel), for plaintiff.

John A. Bernhard, of Newark, N.J. (Frank H. Sommer, of Newark, N.J., of counsel), for Board of Public Utility Com'rs.

Michael J. Bruder, of Newark N. J. (Anthony P. Kearns, of Newark, N.J., of counsel), for Town of Harrison.

Lum, Tamblyn & Fairlie, of Newark, N. J., for East Newark Realty Co.

Before BIGGS, Circuit Judge, and FAKE and AVIS, District Judges.

FAKE, District Judge.

The issue which is dispositive of this case arises on a motion to dismiss the complaint.

The complaint, among other things, discloses that the plaintiff is a public service corporation, engaged in selling water to the defendant municipal corporation, and in the course of mutual dealings between the parties, contracts were entered into with relation to the rates to be charged for the service thus rendered. A dispute arose as to the rates and the issues involved were heard before the Board of Public Utility Commissioners of the State of New Jersey resulting in the establishment or fixing of a rate which, plaintiff urges, is confiscatory and in violation of its constitutional rights in that its property is being taken thereby without due process of law. Injunctive relief is sought.

The dispositive issue above mentioned is found in the question as to the adequacy of the remedies provided in the courts of the State of New Jersey.

In this connection, attention is directed to the Johnson Act, 48 Stat. c. 283, p. 775, 28 U.S.C.A. § 41 (1, 1a), the material part of which, for present purposes, provides that "no district court shall have jurisdiction of any suit to enjoin * * * the enforcement * * * of any order of an administrative board or commission of a State, or any rate-making body * * * thereof * * * where jurisdiction is based solely upon the ground of * * * the repugnance of such order to the Constitution of the United States, where such order * * * (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

The foregoing limitation to the jurisdiction of this Court leads directly to an examination of the law of the State on the subject. Section 38, Laws of N.J.,

1911, page 388, Chapt. 195, as amended, L.1918, c. 130, p. 305, R.S.N.J.1937, 48:2-43, 48:2-46, 48:2-47, provides that any order made by the Board of Public Utility Commissioners may be reviewed upon certiorari by the Supreme Court and that Court is given power to set aside any order in whole or in part when it "clearly appears that there was no evidence before the board to support the same reasonably or that the same was without jurisdiction of the board", and an appeal lies from the Supreme Court to the Court of Errors and Appeals, the Court of last resort in the State. Section 39 of the aforesaid Act, R.S.N.J.1937, 48:2-44, provides for the allowance of a supersedeas or stay, if the Supreme Court or a Justice thereof shall so direct.

From the foregoing, it is clear that the laws of New Jersey furnish the "plain, speedy and efficient remedy", which is safeguarded by the Johnson Act, and this Court is therefore without jurisdiction to hear the cause.

An order will be entered dismissing the complaint.

BIGGS, Circuit Judge (concurring).

It is the contention of the defendants that the remedy afforded to the plaintiff by the Statute of New Jersey, cited in the majority opinion, is a plain, speedy and efficient remedy. The plaintiff contends otherwise.

That the remedy is a judicial remedy and not an administrative one I think is not open to doubt, since the Supreme Court of New Jersey is not given jurisdiction otherwise than to review the order of the Board of Public Utilities Commissioners, and to set it aside in whole or in part when it clearly appears that there is no sufficient supporting evidence. Bacon v. Rutland R. Co., 232 U.S. 134, 34 S.Ct. 283, 58 L.Ed. 538; Hill v. Martin, 296 U.S. 393, 400, 56 S.Ct. 278, 281, 80 L.Ed. 293. The Supreme Court of New Jersey has power only to reverse the order of the Commission and cannot substitute therefor any rate determination of its own making. The review afforded is therefore a judicial review. Article 6 Constitution of New Jersey; Public Service Gas Co. v. Board of Public Utility Commissioners, 84 N.J.L. 463, 87 A. 651, L.R.A.1918A, 421; Flanigan v. Guggenheim Smelting Co., 63 N.J.L. 647, 44 A. 762; Lehigh Valley R.

Co. v. Board of Public Utility Commissioners, 278 U.S. 24, 49 S.Ct. 69, 73 L.Ed. 161, 62 A.L.R. 605; Keller v. Potomac Electric Power Co., 261 U.S. 428, 43 S.Ct. 445, 67 L.Ed. 731; City Bank Farmers' Trust Co. v. Schnader, 291 U.S. 24, 54 S.Ct. 259, 78 L.Ed. 628.

Nor do I think that it can be successfully contended that the judicial remedy afforded by the statute is not a plain and speedy one. The Supreme Court of New Jersey has frequent sessions and the determination of such a cause as that presented to it by the plaintiff is afforded priority of hearing by virtue of the provisions of P.L.1911, Chapter 195, Sec. 40, R.S.N.J. 1937, 48:2-48.

One question therefore remains to be determined. Is the remedy efficient? Under the express provisions of Section 38 of the Public Utility Act of 1911 as amended by Chapter 130 of the Laws of 1918, R.S.N.J.1937, 48:2-43, 48:2-46, 48:2-47. the Supreme Court is given jurisdiction to review the order of the Board. The judgment of the Supreme Court may be appealed to the Court of Errors and Appeals. If either tribunal reaches the conclusion that there is no sufficient evidence in the record to support reasonably the conclusion of the Board, it may remit the record and order a rehearing. Furthermore the order of the Board is subject to supersedeas or stay if a Justice of the Supreme Court shall so direct.

If I apprehend plaintiff's charge, it is that neither writ of certiorari, supersedeas or stay is granted to the plaintiff by virtue of the New Jersey statute as a matter of right and that therefore the granting of such relief is within the discretion of a Justice of the Supreme Court of New Jersey, the plaintiff enduring an alleged daily confiscation of its property if the Justice does not exercise his discretion properly and wisely.

I think that light is thrown upon this question by the decisions in three cases.

The first is Porter v. Investors' Syndicate, 286 U.S. 461, 470, 52 S.Ct. 617, 620, 76 L.Ed. 1226. In this case the statute of Montana creating the board or commission apparently attributed final and binding character to the decision of such board or commission. Mr. Justice Roberts refers to provisions of the Statute apparently permitting the issuance of an interlocutory

injunction, and also calls attention to Section 9243 of the Code of Civil Procedure, a general statute of Montana pertaining to injunctive relief, which provides in part as follows: "An injunction order may be granted in the following cases: 1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded; * * * 2. When it shall appear by the complaint * * * that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the plaintiff * * *". The conclusion reached by the decision is that where as ancillary to the review and correction of administrative action a state statute provides that the aggrieved party "* * * may have a stay until final decision, there is no deprivation of due process * * *". I call attention to the fact that the injunctive relief provided by the statutes of Montana is permissive and not mandatory.

In Montana Power Company v. Public Service Commission, D. C., 12 F.Supp. 946, a three judge court held that a statute of Montana (Revised Code of Montana 1921, Section 3906) purporting to prohibit injunctive relief from orders of the Public Service Commission of Montana was unconstitutional and that the plaintiffs could have recourse to the general injunctive statute of Montana referred to in Porter v. Investors' Syndicate, supra.. The court stated (page 951): "One of the principal reasons for the enactment of the Johnson Act was to dissuade litigants, incorporated under the laws of a state and amenable thereto, and whose rates and charges are under the control of a state Public Service Commission, from asserting their disapproval by immediately resorting to the federal courts to prevent the state body from enforcing its orders, and especially is it intended to prevent such action where an adequate remedy is plainly available in the state courts. * * * It cannot be successfully denied that the Supreme Court has on different like occasions held that where a utility company is not given the right to apply for an injunction in the state court, in a proper case, to prevent the operation of rates or charges, alleged to be confiscatory, and where immediate substantial and irreparable loss would result during an appeal, that constitutional rights are infringed and a federal court will grant injunctive relief.. * * * It seems to the court that all the complainants would have to do would be to commence their suits in the state court and make a showing for injunctive relief, citing the provisions of the Porter Case; and that such relief would have to be granted, if they were found to be entitled to it."

The effect of this decision was nullified by the Supreme Court upon the decision by it of the appeal in a related case, viz., Mountain States Power Company v. Public Service Commission of Montana, 299 U.S. 167, 57 S.Ct. 168, 81 L.Ed. 99, but only upon the ground that the Montana statute purporting to deny the right to injunctive relief had not been held to be unconstitutional by the courts of Montana.

These decisions, though not entirely controlling under the circumstances of the case at bar are none the less clearly indicative of the course which this court should pursue. The remedy which the plaintiff seeks from this court is precisely the remedy which it sought in the state court and I think that we have no reason to presume that upon a proper showing made by the plaintiff to a Justice of the Supreme Court of New Jersey that a supersedeas or stay would not be granted. Certainly no decision of the courts of New Jersey can be cited which indicates that under proper circumstances the state courts of New Jersey hesitate to grant injunctive relief, supersedeas or stay for cause shown from an order of the Board of Public Utility Commissioners. Reported decisions indicate the contrary. Town of West New York v. Board of Public Utility Commissioners, 105 N.J.Eq. 438, 148 A. 402; State v. Anderson, 1 N.J.L. 318, 1 Am.Dec. 207; Public Service Gas Co. v. Board of Public Utility Commissioners supra; Lehigh Valley R. Co. v. Board of Public Utility Commissioners, supra.

For the reasons stated I think that a plain, speedy and efficient remedy exists and is available to the plaintiff under the New Jersey law. This being, so, the Johnson Act prohibits the granting of the relief sought by the plaintiff.