C. Richard COLLINS and Floyd Collins, Co-Partners, d/b/a Collins Brothers Oil Company, Appellants,

v.

LACLEDE GAS COMPANY, a Missouri Corporation; Phil Donnelly, as Governor of the State of Missouri; John M. Dalton, as Attorney General of the State of Missouri; Missouri Public Service Commission, and Tyre W. Burton, Charles L. Henson, E. L. McClintock, Henry McKay Cary, and M. J. McQueen, as Members of and Constituting the Missouri Public Service Commission; and Glenn D. Evans, as General Counsel for the Missouri Public Service Commission, Appellees.

No. 15570.

United States Court of Appeals Eighth Circuit.

Oct. 26, 1956.

J. J. Middleton, Mount Vernon (Howard W. Campbell, Mount Vernon, Craig & Craig, Mansfield, Mo., Nelson W. Hartman, Joseph R. Long, John P. Baird, Jr., and Fordyce, Mayne Hartman, Renard & Stribling, St. Louis, Mo., were with him on the brief), for appellants.

James M. Douglas, St. Louis, Mo. (Glenn D. Evans, Gen. Counsel, Frank J. Iuen, Asst. Gen. Counsel, Missouri Public Service Commission, Jefferson City, Mo., Thompson, Mitchell, Thompson & Douglas, Guy A. Thompson, and Richard L. Eckhart, St. Louis, Mo., were with him on the brief), for appellees, Laclede Gas Company, and others.

Brief of appellees, Laclede Gas Co., and others, adopted by appellees Phil Donnelly, as Governor of the State of Missouri, and John M. Dalton, as Attorney General of the State of Missouri.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This action was the product of a process of evolution in that it was developed from various and sundry efforts on the part of appellants to enjoin the exercise of the power of eminent domain condemning certain alleged property rights of appellants. The various proceedings had and taken by the appellants prior to the institution of this action are set out in great detail in their complaint. The parties will be referred to as they were designated in the trial court.

Plaintiffs are co-partners and oil lessees owning certain property rights in portions of the property sought to be condemned by proceedings in the state court. Defendant Laclede Gas Company is a corporation organized under the laws of the State of Missouri engaged as a public utility in the business of selling and distributing gas to the public in the City of St. Louis, Missouri, and sought to exercise the power of eminent domain. Defendant Missouri Public Service Commission is a state administrative board or commission authorized to determine the rights of gas storage companies to exercise the power of eminent domain. Other defendants named are law enforcement officers of the State of Missouri.

Laclede Gas Company, pursuant to statutory provisions of the State of Missouri, duly applied to the Missouri Public Service Commission for an order finding that the exercise by it of the power of eminent domain in connection with its proposed underground gas storage would be in the public interest. Plaintiffs were permitted to intervene and opposed the granting of the order on the ground, among others, that the statute authorizing the issuance of the order was violative of certain provisions of the Constitution of the State of Missouri and of the Constitution of the United States. After full hearing the commission granted the application and issued an order permitting the institution of condemnation proceedings. Plaintiffs then sought to have the proceedings reviewed and the order reversed by the Circuit Court of

Cole County, Missouri. On docketing the application for review in that court plaintiffs removed the proceedings to the United States District Court for the Western District of Missouri but in due course the proceedings were remanded to the Circuit Court of Cole County, Missouri and that court, after hearing, affirmed the order. From this decision the plaintiffs perfected an appeal to the Supreme Court of the State of Missouri and since the trial of this action the Supreme Court of Missouri has affirmed the judgment of the Circuit Court of Cole County, Missouri approving the order of the commission.

Following their unsuccessful efforts to enjoin or stay the state proceedings plaintiffs brought the present action in the United States District Court for the Eastern District of Missouri to enjoin the enforcement of the Missouri Underground Gas Storage Act, Sections 393.410 to 393.510, R.S.Mo.1949, 1955 Supp., V.A.M.S., the enforcement of an order of the Missouri Public Service Commission under the Act, and the enforcement of a decree in condemnation entered by the Circuit Court of St. Louis County, Missouri under the Act, alleging the unconstitutionality of the statute purporting to authorize the condemnation of their property rights. They sought to have the case heard by a three-judge court. A three-judge court was thereupon convened and after oral argument of the motions to dismiss the complaint the three-judge court upon its own motion dismissed itself from the case and returned the proceedings to a single judge.

On trial of the action on its merits the court found:

"1. That in 1953 the General Assembly of Missouri enacted the Missouri Underground Gas Storage Act (Sections 393.410–393.510, R.S.Mo. 1949) which grants the power of eminent domain to gas storage companies for the purpose of underground storage of gas and which requires that, prior to the exercise of the power of eminent domain, the condemnor must obtain an order from the defendant Missouri Public Service Commission finding the exercise of the power to be in the public interest.

"2. That defendant Laclede Gas Company, pursuant to said Act, has obtained from the defendant Commission the order required by said Act.

"3. That prior to the filing of the complaint herein, defendant Laclede Gas Company commenced a proceeding in Division 4 of the Circuit Court of St. Louis County, Missouri, to condemn subterranean rights in land to store gas underground, in which proceeding the plaintiffs herein, and others, are defendants.

"4. That such condemnation proceeding was pending in the Circuit Court of St. Louis County when the complaint herein was filed, and is now pending. An interlocutory decree in condemnation has been entered, but such case has not reached final judgment.

"5. That the relief sought in the complaint herein is an injunction to restrain the defendants from enforcing or taking any action pursuant to the Missouri Underground Gas Storage Act or the Commission order thereunder.

"6. That the relief sought in the complaint herein is an injunction to restrain the defendants from doing any act to make effective the interlocutory decree in the condemnation proceeding in the Circuit Court of St. Louis County, and from acquiring any rights under said decree, and from exercising any rights acquired by virtue of said decree."

Based on these findings the court concluded as a matter of law as follows:

"1. That the necessary effect of granting the relief sought in the complaint herein will be to stay proceedings in a state court.

"2. That Section 2283 of Title 28 U.S.C.A., is applicable to this action and prohibits this court from grant-

ing the relief which the plaintiffs seek herein.

"3. That there is no equity in the Complaint.

"4. That the defendants' motions to dismiss should be sustained.

"5. That final judgment dismissing plaintiffs' complaint and action should be entered."

The court thereupon entered judgment dismissing the action on its merits. These findings are not challenged on this appeal and there is no contention that plaintiffs are not seeking to enjoin proceedings in a state court.

Section 2283, Title 28 U.S.C.A., provides as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

There is here no contention that this case comes within any of the statutory exceptions to the prohibition of Section 2283, Title 28 U.S.C.A. It is, however, contended that the case comes within implied or judicial exceptions. In support of this contention they rely strongly upon Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205; Porter v. Investors' Syndicate, 286 U.S. 461, 52 S.Ct. 617, 76 L.Ed. 1226; Pacific Tel. Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975; and Oklahoma Gas & Electric Co. v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659. The short answer to this contention is that these cases were all decided before the enactment of Section 2283, Title 28 U.S.C.A. The statute in its present form was enacted in 1948 and in 1955 the Supreme Court of the United States in Amalgamated Clothing Workers of America v. Richman Brothers Co., 348 U.S. 511, 75 S.Ct. 452, 454, 99 L.Ed. 600, had occasion to consider the very contention now urged by plaintiffs in this case. In the course of the opinion it is said, inter alia:

"We need not re-examine the series of decisions, prior to the enactment of Title 28 of the United States Code in 1948, which appeared to recognize implied exceptions to the historic prohibition against federal interference with state judicial proceedings. See Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100. By that enactment, Congress made clear beyond cavil that the prohibition is not to be whittled away by judicial improvisation. * * *

* * * * * *

"* * * This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions."

This court has had occasion to consider the question in the following cases: Evans v. St. Louis Housing Authority, 8 Cir., 226 F.2d 750; Norwood v. Parenteau, 8 Cir., 228 F.2d 148; and National Labor Relations Board v. Swift & Co., 8 Cir., 233 F.2d 226, 230. In National Labor Relations Board v. Swift & Co., supra, answering the contention that the exceptions contained in the statute might be supplemented by implied or judicial exception we said:

"The history, purpose, and construction of section 2283 are fully considered by the Supreme Court in the Richman case, supra. The Court states that this enactment revised as well as codified its predecessor, former section 265 of the Judicial Code, and that by the enactment of section 2283 Congress 'made clear beyond cavil that the prohibition is not to be whittled away by judicial improvisation.'

"*Hence, decisions under the predecessor statute which appear to recognize implied exceptions to the statutory prohibition need not be considered.*" (Emphasis supplied.)

As the plaintiffs have not brought their case within any of the statutory exceptions to the prohibition contained in Section 2283, Title 28 U.S.C.A., we think this fatal to their right to relief and we pretermit any consideration of the other questions ably briefed and argued by counsel for the respective parties. For the foregoing reasons the judgment appealed from is affirmed.