George A. **HENSON** et al., Plaintiffs,

v.

**Harry HOTH**, President of the City Council and Mayor of the City of Colorado Springs, Colorado, et al., Defendants.

**Civ. A. No. 9433.**

United States District Court
D. Colorado.

Sept. 14, 1966.

**34**

Laura & James, Robert M. Laura, Colorado Springs, Colo., for plaintiffs.

F. T. Henry and Horn, Anderson & Johnson, Colorado Springs, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

Plaintiffs seek an injunction to restrain defendants from proceeding with condemnation proceedings authorized by the City of Colorado Springs to be brought against plaintiffs. They also seek an injunction restraining alleged trespasses of certain defendants upon land owned by plaintiff Laura. Certain of the original defendants have been dismissed by Order of this Court dated May 24, 1966. An amended complaint also has been tendered to the Court. Defendants Hoth, Biery and Dixon have moved to dismiss or in the alternative for summary judgment on the grounds that there is no authority for this Court to enjoin the pending condemnation proceedings and that plaintiffs have an adequate remedy at law for their alleged harms.

In denying plaintiffs' motion for preliminary injunction on May 20, 1966, we made the following observations:

"1. That the plaintiffs have a plain, speedy and adequate remedy at law and are, therefore, not entitled to the extraordinary relief requested in their motion for preliminary injunction.

\*    \*    \*    \*    \*    \*

"3. That a federal equity court will not entertain applications for injunction against proceedings in state courts or exert federal jurisdiction to enjoin state proceedings except where highly extraordinary conditions require such relief.

"4. The evidence affirmatively shows that the conditions complained of have existed for a number of years; that plaintiffs may assert in the District Court for Teller County, Colorado, any defenses urged here and this court must presume that plaintiffs will receive fair treatment and that the state court will proceed having due regard for the defenses of plaintiffs and due process of law."

Plaintiffs urge that different considerations govern issues relating to preliminary injunctions and requests for permanent injunctions. We recognize this distinction but even under the less demanding standards applicable to permanent injunctions the defendants fail to persuasively show that they can not receive justice in the State action. Thus we are still of the opinion that an adequate remedy is available to the plaintiffs in the state court proceedings already initiated.

A more basic question is raised by defendants' assertion that this Court lacks jurisdiction over the action. Title 28 U.S.C.A. § 2283 provides as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The following comment of the reviser of Section 2283 is pertinent:

"The phrase 'in aid of its jurisdiction' was added to conform to section 1651 of this title and to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts."

Section 1651, referred to in the above-quoted note, establishes the authority of federal courts to issue writs in aid of their jurisdiction. The purpose of Section 2283 is to avoid conflict and fric-

tion between federal and state courts. See Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed. 2d 267 (1957), rehearing denied, 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560 (1957). Defendants urge that plaintiffs have not satisfied the requirements of Section 2283, and that therefore this Court has no jurisdiction.

■ Plaintiffs rely on no statute of the United States as granting this Court authority to award the relief they seek, namely, an injunction restraining further state court action in a condemnation proceeding. Their only reliance is upon that phrase of Section 2283 granting authority to issue such an injunction to protect the Court's jurisdiction. We have noted the Reporter's comment which puts that phrase in proper perspective. As it refers only to jurisdiction which has already attached, it can not be considered an original jurisdictional grant.

■ It is axiomatic that courts retain a broad discretion to determine whether in particular circumstances equity jurisdiction may be invoked. This action is not a diversity of citizenship action, nor is it an action seeking to set aside a judgment already rendered by a state court. Plaintiffs are citizens of Colorado, with the exception of Wedersky; they seek to enjoin further proceedings in a pending condemnation action and to enjoin certain alleged trespasses to land—a case in which the state court has not even had an opportunity to demonstrate competence and fairness.

■ Plaintiffs' only federal jurisdictional base, then, arises from the allegation that the pending condemnation proceedings and the defendants' actions respecting plaintiffs' property are without authority. From this it could be concluded that plaintiffs allege a deprivation of a federally-protected right, that of due process of law under the Fourteenth Amendment. As noted in our previous order, however, there is no suggestion that this and all other issues here raised could not be effectually presented in the state court proceedings already commenced. State courts as well as federal courts exist under the Constitution and State courts are equally obligated to uphold the Constitution. There is no reason to suspect that the court in which condemnation proceedings are in progress will not carry out that function.

■■ It is noted that in some unusual circumstances federal courts have found Section 2283 or its predecessor no bar to actions seeking injunctive relief against state court proceedings. See Colorado Eastern R. Co. v. Chicago, B. & Q. Ry. Co., 8 Cir. 1905, 141 F. 898; Central Electric & Gas Co. v. City of Stromsburg, Neb., D.Neb.1960, 192 F. Supp. 280. In other circumstances, Section 2283 and its policy have been relied upon for denial of federal relief. See Amalgamated Clothing Workers v. Richman Bros., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955); Rosso v. Commonwealth of Puerto Rico, D.Puerto Rico 1964, 226 F.Supp. 688; Collins v. Laclede Gas Co., 8 Cir. 1956, 237 F.2d 633. Certainly no absolute position can be sustained on this question; the circumstances must govern. See County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). It is clear, however, that the policy implemented by Section 2283 must be given careful consideration. Although technically Section 2283 appears not to be a bar to the exercise of original jurisdiction, its denial of authority to federal courts to issue injunctions against state court proceedings, except in quite limited and extraordinary circumstances, achieves the result of placing such matters beyond the reach of federal courts.

■ Here, as noted, there is an absence of diversity of citizenship, an absence of any final state court determination, and a presence of clear, adequate and available means of raising the identical issues urged here before competent state authorities. In light of the policy of Section 2283 and the established principle that equitable relief may be denied if adequate legal remedies are available

to the plaintiffs, we find no basis at this time for retaining this cause of action.

 Finally, we note that we could justifiably apply the abstention doctrine. See Lisco v. McNichols, D.Colo.1962, 208 F.Supp. 471. It is, therefore,

Ordered, that defendants' motion to dismiss be, and the same hereby is, granted. Should it later appear that plaintiffs have suffered deprivations of federally-protected rights, for which no adequate legal remedies are available, they may of course institute appropriate proceedings.