**Frank SMITH, Appellant,**

v.

**TRAVIS COUNTY BAIL BOND BOARD, Appellee.**

No. 12639.

Court of Civil Appeals of Texas, Austin.

Dec. 7, 1977.

Rehearing Denied Jan. 4, 1978.

Stephen M. Orr, Orr & Davis, Austin, for appellant.

James L. McMurtry, Travis County Atty., Austin, for appellee.

SHANNON, Justice.

Appellant, Frank Smith, appeals from the judgment of the district court of Travis County denying his application for a temporary injunction. Smith sought temporary relief pending judicial review of the order of the Travis County Bail Bond Board denying his application for a license to execute bail bonds. Appellee is the Travis County Bail Bond Board. We will affirm the judgment.

On April 15, 1974, the Board licensed Smith as a bondsman. Twenty-three months later on March 15, 1976, Smith wrote an informal letter to the Board requesting that the Board renew his license. The Board made no response to Smith's letter. On January 13, 1977, Smith filed with the Board a formal application for a license. The Board entered its order thereafter on February 17, 1977, denying Smith's application. Smith then filed suit in the district court of Travis County for judicial review of the Board's order.

In his suit Smith applied for a temporary injunction restraining the Board " . . . from in any way interfering with or denying the right of the Plaintiff [Smith] to post bail bonds in Travis County, Texas," pending a final determination of his administrative appeal.

Texas Rev.Civ.Stat.Ann. art. 2372p–3 governs the licensing and regulation of bail bondsmen. Section 11 of the Act provides for an appeal from the order of the County Bail Bond Board revoking, suspending, or refusing to issue a license. The pertinent part of § 11 provides:

**694**

"An appeal shall be by trial de novo, as in proceedings appealed from justice to county courts. *The decision of the board shall have full force and effect pending the determination of the appeal.*" (Emphasis added).

Smith's threshold problem in obtaining temporary relief from the order of denial pending review is found in the emphasized language of § 11. If that language is given effect, the judgment is correct.[1]

■ Statutes which prohibit injunctions or stays of administrative orders pending judicial review are not uncommon, 2 Am. Jur.2d *Administrative Law*, § 739, and such statutes are not unconstitutional as violations of due process unless the party demonstrates that he has suffered the loss of a protected property right. *Porter v. Investors Syndicate*, 286 U.S. 461, 52 S.Ct. 617, 76 L.Ed. 1226 (1931); *Francisco v. Board of Dental Examiners*, 149 S.W.2d 619 (Tex.Civ. App.1941, writ ref'd).

■ The Board's order did not cause the loss of a protected property right. Our reasons for that conclusion follow. Article 2372p–3 § 8(a) provides that a bail bond license expires twenty-four months after the date of its issuance. On March 15, 1976, twenty-three months after the Board issued him a license, Smith by informal letter attempted to renew the license. Section 8(a) of the statute requires that an application for renewal of a license have the same form and documentation as an application for an original license. Smith's letter could not, and did not, qualify as a renewal application. The Board took no action with respect to Smith's letter, and, as a result, Smith's license to act as a bondsman terminated as a matter of law by the terms of the statute after April 15, 1976. When Smith then filed his application for a license on January 13, 1977, no license existed. Smith had no property right subject to protection because he had no claim of entitlement to a bail bond license. Instead, Smith was before the Board, as any other appli-

cant, seeking a license the issuance of which is controlled by the "will and pleasure" of the state. See *Bishop v. Wood*, 426 U.S. 341, 345, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

There is an additional basis for the affirmance of the judgment. The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a final trial of the case on its merits. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517 (1961). Smith's license terminated on April 15, 1976. As a result, after that date the status quo was that Smith had no license.

The judgment is affirmed.

Affirmed.

---

1. *Contrary to counsel's view, we do not read the holding in Travis County Bail Bond Board v. Smith, 531 S.W.2d 236 (Tex.Civ.App.1975,* no writ), *to preclude an affirmance upon the authority of § 11.*