REQUESTED BY: John E. Knight, Director, State Department of Public Welfare, Lincoln, Nebraska.
Does the license of a nursing home remain in full force and effect pending a decision on a timely appeal from revocation by the Department of Health?
Yes, as discussed below.
If the Department of Health suspends or revokes the license of a nursing home, its decision is final unless the licensee makes a timely request for an evidentiary hearing before the department. After such a hearing, a decision of the department affirming the revocation is final unless the licensee makes a timely appeal to the district court as provided in sections 71-2023 and 71-2027, R.R.S. 1943. Otherwise those statutes are silent about the effect of an appeal on the licensee's right to continue to operate its facility and the time when the suspension or revocation takes effect.
There is no requirement that the licensee post bond to appeal. Section 25-1907, R.R.S. 1943, provides that an appeal from an inferior court to the district court does not operate as a stay of execution unless an undertaking with sureties is given as prescribed. But that section does not seem to apply to appeals from the Department of Health since it is an administrative agency, not a court.
The evidentiary hearing before it under section 71-2023 is a contested case. If a person were to appeal such a decision as provided under section 84-917, R.R.S. 1943, such appeal `shall not stay enforcement of the decision.' But that procedure is not available here where sections 71-2023 and71-2027 prescribe the method of appeal. See section84-917(7).
The Court in Porter v. Investors Syndicate, 286 U.S. 461
(1932), dealt with a situation where there also seemed to be no procedure for getting a stay of execution of a license revocation even though there was no provision that the appeal did not stay enforcement of a revocation. The Court interpreted Montana state law to permit such a stay in order to make it constitutional on due process grounds.
 ". . . It would be strange indeed if the commissioner's action thus subject to alteration were nevertheless to be made as effective to harm the parties in interest as if no further administrative procedure existed. We cannot so read the act in the absence of clear and unambiguous phraseology requiring that course, or of a decision of the state court so construing it." Supra at 471.
Under section 71-2027 the trial in the district court is to be de novo. In a case where an appeal from revocation of a license was also to be tried de novo the court in Moormeister v. Golding, 84 Utah 324, 27 P.2d 447
(1933), concluded that the judgment appealed from was vacated. The parties were left in the same situation with respect to the rights involved as they were prior to the rendition of the order revoking the license and the licensee could continue to practice pending a decision on the appeal.
A similar result was reached by our court in Rhoadesv. State Real Estate Commission, 153 Neb. 625,45 N.W.2d 628 (1951). But in that case the statute specifically required a bond and provided that the licensee could continue to do business as though his license were in full force and effect pending final determination of the appeal. The court held:
 "The purpose and effect of furnishing an appeal or supersedeas bond when permitted by law is to stay proceedings and preserve the status quo pending final determination of the litigation. If the result of the first hearing in the district court had agreed with the order of the commission and if it had been affirmed by this court, the time of commencement of the period of suspension of the license of appellee would have been automatically advanced until the judgment providing for the suspension became final and enforceable. . . ." Supra
at 627.
We have concluded that when an appeal is taken under section 71-2027 from an order of the Department of Health suspending or revoking a license to operate a nursing home, the appeal itself operates as a stay against enforcement of the order. This conclusion is supported by due process considerations since there is no procedure for staying the order of the department pending appeal even though such a stay is not expressly forbidden. It is also supported by the provision in section 71-2023 that the decision is final unless
the appeal is taken.
We have concluded that the licensee can continue to operate its facility as though its license were in full force and effect pending a final determination of its appeal. If the order of the department is affirmed on appeal, the suspension or revocation will commence at the time of the final judgment, not at the time of the department's order.