# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00058-CV

**Chris D. Riley, Appellant**

**v.**

**Texas State Board of Examiners of Professional Counselors, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-08-001424, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## O P I N I O N

The Texas State Board of Examiners of Professional Counselors (the "Board") denied appellant Chris D. Riley's application to renew her license to practice professional counseling, based on Riley's failure to renew her license within a year of its expiration in accordance with section 503.354 of the Texas Occupations Code. Riley asserts that her failure to timely renew her license is excused by the Board's failure to provide pre-expiration notice in accordance with section 503.353 of the Texas Occupations Code. We hold that pre-expiration notice under section 503.353 is not a prerequisite to Riley's compliance with section 503.354. We affirm the judgment of the district court affirming the decision of the Board.

### *Factual and Procedural Background*

Riley received a license to practice professional counseling in 1983. *See* Tex. Occ. Code Ann. § 503.003 (West 2004) (defining the practice), § 503.301 (West 2004) (license required).

She was licensed for 19 years, renewing her license each year.[1]  Riley's license was next set to expire on December 31, 2002.  The Board did not provide notice to Riley 30 days prior to such expiration date, despite its statutory obligation to do so.  *See id.* § 503.353 (West 2004).  Riley did not perform the necessary actions to renew her license by the December 31, 2002 deadline.  Nor did she attempt to renew her license in 2003.  In December 2006, upon learning for the first time that she was no longer listed as a licensed professional counselor, Riley attempted to renew her license.  However, the Board denied her request based on her failure to renew her license before 2004.  *See id.* § 503.354(e) (West Supp. 2009) ("A person whose license has been expired for one year or more may not renew the license.").

Riley sought and obtained a hearing at the State Office of Administrative Hearings to contest the denial of her application for renewal of her license.  The issue presented was whether the Board could deny Riley's request for license renewal when the Board had failed to send notice to Riley regarding her license expiration date.  Following the hearing, on August 27, 2007, the administrative law judge (ALJ) concluded that Riley's license should be renewed, based on the determination that the Board could not enforce the license's expiration date if the Board failed to comply with the applicable notice requirements.

---

[1] Occupations code section 503.351 provides for license renewal "biennially." *See* Tex. Occ. Code Ann. § 503.351 (West Supp. 2009).  Prior to 2005, however, renewals were required annually. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 775, sec. 14(e), 1981 Tex. Gen. Laws 2913, 2920, *recodified by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, sec. 503.351, 1999 Tex. Gen. Laws 1431, 1905, *amended by* Act of May 24, 2005, 79th Leg., R.S., ch. 561, § 20, 2005 Tex. Gen. Laws 1489, 1493.

By order issued February 22, 2008, the Board rejected most of the ALJ's conclusions of law and adopted new conclusions of law to the effect that Riley could not renew her license. *See* Tex. Gov't Code Ann. § 2001.058(e) (West 2008) (state agency may change conclusion of law made by ALJ if agency determines ALJ did not properly apply or interpret applicable law). The Board concluded that its failure to prove it sent notice to Riley prior to her license's expiration "does not relieve her from the responsibility to renew her license and is not a defense to her failure to renew." Riley filed a motion for rehearing, which was denied by the Board. *See id.* §§ 2001.145, .146 (West 2008) (motions for rehearing).

On April 25, 2008, Riley filed suit in district court seeking judicial review of the Board's decision denying her claim for reinstatement of her license. *See id.* § 2001.171 (West 2008) (judicial review of final decision in contested case). On January 8, 2009, the district court entered judgment in favor of the Board and affirmed the Board's February 22, 2008 decision. Riley appeals.

*Analysis*

Review of an administrative decision in a license revocation hearing is generally a substantial evidence review. *See id.* § 2001.174 (West 2008). An administrative decision is subject to reversal if it is affected by error of law. *See id.* § 2001.174(2)(D). The interpretation of a statute is a question of law, which we review de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994). Therefore, we review de novo whether the Board's failure to timely provide notice has the result of excusing or tolling a licensee's failure to timely renew her license.

3

Section 503.353 of the occupations code sets out the Board's obligation to provide notice of impending license expiration:

> Not later than the 30th day before the expiration date of a person's license, the board shall send written notice of the impending license expiration to the person at the person's last known address according to the board's records.

Tex. Occ. Code Ann. § 503.353. Section 503.354 of the occupations code sets out the procedures for a licensee to renew her license:

> (a) A license holder is responsible for renewing the license before the expiration date of the license.
>
> (b) A person may renew an unexpired license by paying the required renewal fee to the board before the expiration date of the license.
>
> (c) A person whose license has been expired for 90 days or less may renew the license by paying to the board a fee that is equal to 1-1/4 times the amount of the renewal fee.
>
> (d) If a person's license has been expired for more than 90 days but less than one year, the person may renew the license by paying to the board a fee that is equal to 1-1/2 times the amount of the renewal fee.
>
> (e) A person whose license has been expired for one year or more may not renew the license. The person may obtain a new license by complying with the requirements and procedures for obtaining an original license.

*Id.* § 503.354.

When construing a statute, we begin with its language. *Shumake*, 199 S.W.3d at 284. Neither section 503.353 nor section 503.354 states that failure to comply with the former statute excuses, tolls, or otherwise affects the deadlines imposed by the latter statute. Moreover,

4

section 503.354 specifically states that the licensee is the responsible party for timely renewing her license. *See id.* § 503.354(a). To construe the statutes to mean that the Board's sending the section 503.353 notice is a prerequisite to the licensee's obligation to renew her license would be to impose the initial responsibility for the license's renewal on the Board—a result not contemplated by the statutory structure. The language of the statutes indicates that the Board's failure to give notice does not affect the licensee's responsibilities regarding license renewal.[2]

Riley refers to the Texas Supreme Court's statement that "[w]hen the statute is silent about consequences of noncompliance, we look to the statute's purpose in determining the proper consequence of noncompliance." *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999). This does not alter the analysis. The relevant statutes, here, require that a person be licensed under occupations code chapter 503 to engage in the practice of professional counseling. *See* Tex. Occ. Code Ann. § 503.301. The deadlines provided by section 503.354 ensure that a licensee is up to date with license fees, *see id.* § 503.354, continuing education requirements, *see id.* § 503.351(2) (West Supp. 2009), and any other statutory requirements for a licensee, *see id.* § 503.351(1); *see also* 22 Tex. Admin. Code § 681.123(c) (2009) (renewal form includes criminal

---

[2] Our interpretation of sections 503.353 and 503.354 is consistent with the statutes' legislative history. When the relevant provisions were enacted in 1981, the licensee was "responsible for renewing his license before the expiration date," and notice of license expiration by the Board was not required until 30 days *after* the expiration date. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 775, sec. 14(f), (g), 1981 Tex. Gen. Laws 2913, 2920. In 1993, the legislature amended the statutes to require that notice be sent at least 30 days before the expiration date, but the provision regarding the licensee being the responsible party was not removed or revised. *See* Act of May 26, 1993, 73d Leg., R.S., ch. 581, § 12, sec. 14(h), (n), 1993 Tex. Gen. Laws 2196, 2203-04. On recodification, the statutes retained both the pre-expiration notice and the placing of responsibility on the licensee. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, secs. 503.353, .354(a), 1999 Tex. Gen. Laws 1431, 1905.

history information).  An apparent purpose of section 503.354's deadlines, then, is that licensees remain subject to the Board's oversight.  In this context, the section 503.353 notice serves as a reminder, not a trigger for deadlines.  Under Riley's interpretation of the statutes, if for any reason the Board failed in its administrative responsibility to send notice to a licensee, the licensee would remain licensed—even if he failed to fulfill the applicable continuing education requirements or otherwise became unfit to be licensed—until the Board learned of its administrative error.  This conflicts with the purposes of occupations code chapter 503.

We also note that these are not circumstances in which the licensee is *unable* to timely renew her license in the absence of prior notice.  *Cf. Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 651-52 (Tex. 1989) (holding that deadline to file motion for rehearing following agency order was tolled until party received notice because otherwise party had no notice of order and would be precluded from appealing order).  Even if it is true, as Riley argues, that a licensee cannot know for certain "how to renew" without notice because the Board might change the applicable procedures, Riley does not assert that the Board can change the expiration date itself that is applicable to a particular license from the date of its issuance.  Moreover, a licensee's ability to obtain an unexpired license following the expiration date, although made more costly or difficult, is not removed.  Within a year of the expiration date, a license may be renewed by paying an increased fee.  *See* Tex. Occ. Code Ann. § 503.354(c), (d).  After the end of the year, a license may be obtained in accordance with the procedures applicable to a new license.  *See id.* § 503.354(e); *see also id.* § 503.302 (West Supp. 2009) (qualifications for license), § 503.305 (West Supp. 2009) (license examination), § 503.3055 (West Supp. 2009) (jurisprudence examination).

Riley contends that the Board's regulations support her interpretation because they state that the board "will send notice." *See* 22 Tex. Admin. Code § 681.123(a); *see also Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993) (construction of statute by administrative agency charged with its enforcement is entitled to serious consideration if construction reasonable and does not contradict plain language of statute). However, as with the relevant statutes, none of the regulations provides that the Board's failure to comply with the notice requirement excuses, tolls, or otherwise affects the renewal deadlines imposed on the licensee. We also note that, effective April 27, 2008, the following provision was added to the Board's regulations: "Failure to receive notice does not relieve the licensee from the responsibility to timely renew." 22 Tex. Admin. Code § 681.123(b). Moreover, prior to such addition, the regulations stated that the license holder was "responsible for renewing the license," and "shall not be excused" from paying any late fees or penalty fees. *See* 28 Tex. Reg. 4134, *adopted* 28 Tex. Reg. 1329, 1352 (2003), *amended by* 33 Tex. Reg. 3268, *adopted* 33 Tex. Reg. 476, 489-90 (2008).[3]

Next, Riley argues that the Board's denial of her license's renewal without first providing her notice of the license's expiration date was a violation of her constitutional right to

---

[3] Riley also argues that the statutory requirement that notice be sent 30 days prior to the date of expiration is mandatory and not directory. The mandatory/directory distinction might be relevant if the Board were attempting to enforce a right arising from a late or undelivered notice. *See, e.g.*, *Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 402-05 (Tex. 2009) (applicant sought to obtain permit despite application's post-deadline filing); *Texas Dep't of Pub. Safety v. Dear*, 999 S.W.2d 148, 150-51 (Tex. App.—Austin 1999, no pet.) (drivers' license suspension upheld in hearing held after time period when hearing "shall be held"). Here, however, even if we determined that the 30-day deadline for notice is mandatory, we would still be left with the issue in this case: whether the Board's failure to timely provide notice excuses or tolls Riley's independent responsibility to renew her license. We have already concluded that it does not. Thus, we need not decide whether the 30-day deadline for notice is mandatory or directory.

due process. *See* Tex. Gov't Code Ann. § 2001.174(2)(A) (administrative decision may be reversed if in violation of constitutional provision). Assuming without deciding that Riley had a property interest in her license warranting protection under the federal and state constitutions, any such interest had an expiration date. Riley might have been entitled to notice and an opportunity to be heard in the event that the Board sought to revoke her license during its term. *See, e.g.*, *House of Tobacco, Inc. v. Calvert*, 394 S.W.2d 654, 657 (Tex. 1965) (due process applies to revocation of cigarette distribution license). Here, however, Riley's license expired in accordance with its statutory expiration date and Riley did not comply with the statutory renewal procedures. Therefore, the expiration of Riley's license did not cause the loss of a protected property right. *See Smith v. Travis County Bail Bond Bd.*, 559 S.W.2d 693, 694 (Tex. Civ. App.—Austin 1977, no writ).

We recognize Riley's allegation that the Board's failure to give notice preceded and contributed to Riley's failure to comply with the applicable renewal requirements. However, any property rights here have their origin in the applicable licensing statutes, and as we have concluded, the pre-expiration notice is not a statutory prerequisite to Riley's obligation to comply with the applicable renewal requirements. Consequently, Riley cannot elevate the provision of pre-expiration notice to a constitutional right with respect to the non-renewal of her license. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) (property interests created by state law and have their dimensions defined by state law).

*Conclusion*

We conclude that the Board's failure to provide notice of impending license expiration as required by occupations code section 503.353 did not excuse, toll, or otherwise affect Riley's independent responsibility to comply with occupations code section 503.354 in order to renew her license to practice professional counseling. Therefore, we hold that the Board properly denied Riley's application for renewal of her license. The judgment of the district court is affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: May 14, 2010

9