**COYNE–DELANY CO., INC.,**
Plaintiff-Appellee,

v.

**CAPITAL DEVELOPMENT BOARD OF the STATE OF ILLINOIS et al.,**
Defendants-Appellants.

No. 79–1928.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 11, 1980.

Decided Feb. 22, 1980.

---

**342**

Robert G. Epsteen, Asst. Atty. Gen., Chicago, Ill., for defendants-appellants.

John F. Canna, Chicago Heights, Ill., for plaintiff-appellee.

Before SWYGERT, PELL and TONE, Circuit Judges.

PER CURIAM.

The State of Illinois had an unfortunate experience with plaintiff's newly-installed flush valves in Stateville prison. Whether rightly or not, the prison authorities concluded that plaintiff's valves, and not the prison plumbing system, were at fault and requested the state purchasing agency to specify another manufacturer's valves for the next rehabilitation project at the prison. The purchasing agency did so. Plaintiff then brought this action under 42 U.S.C. § 1983, seeking to enjoin the state agency from specifying the competitor's valves. After an evidentiary hearing on the cause of the problems at Stateville and the merits of the competing flush valves, the district court issued a preliminary injunction as requested by the plaintiff. We reverse.

We believe the principles that govern this case are those declared in *Perkins v. Lukens Steel Co.*, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940). Although, as the district court noted, concepts of standing may have changed since *Perkins*, the underlying rationale of that case has not: government enjoys a broad freedom to deal with whom it chooses on such terms as it chooses; no one has a "right" to sell to the government that which the government does not wish to buy. Thus the Court said,

> Like private individuals and businesses, the Government enjoys the unrestricted power . . . to determine those with whom it will deal, and to fix the terms and conditions upon which it will make needed purchases.

*Id.* at 127, 60 S.Ct. at 876. We believe state governments, like the federal government, possess this power. A bidder on a govern-

ment contract has no legally enforceable rights against the award of the contract to a competitor other than those the government has seen fit to confer. *Cincinnati Electronics Corp. v. Kleppe*, 509 F.2d 1080, 1083, 1086 (6th Cir. 1975). Those who bid on state government contracts are subject to the same principle. A supplier such as plaintiff, who hopes to sell goods through a wholesaler to bidders on a state contract, clearly is in no better position than a bidder. Illinois has not conferred any right on bidders, *Polyvend, Inc. v. Puckorius*, 77 Ill.2d 287, 32 Ill.Dec. 872, 395 N.E.2d 1376 (1979), or, *a fortiori*, on those who would supply goods to bidders. In making "purchases necessary to [its] operation of . . Government," the executive branch of a state government, no less than the federal executive branch, has an "adequate range of discretion free from vexations and dilatory restraints at the suits of prospective or potential sellers." *Perkins v. Lukens Steel Co., supra*, 310 U.S. at 127, 60 S.Ct. at 877. The actions of the State of Illinois in this case were well within this range of discretion.

The rationale of *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), is, in our opinion, inapplicable to the procurement situation; but even if it were, plaintiff has failed to show either a property or a liberty interest entitled to procedural due process protection. As we have already noted, a potential supplier to the state has no property interest in having its product purchased or specified. *Cf. Polyvend, Inc. v. Puckorius, supra*. The specification of a competitor's product does not infringe a protected liberty interest. *Cf. Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Accordingly, plaintiff was not entitled to a due process hearing to determine whether the state action in specifying a competitor's product had a rational basis.

Nor does plaintiff's equal protection claim have merit. Plaintiff has cited no case, and we are aware of none, holding or suggesting that the exercise by a state of a consumer's choice between competing products denies the disappointed supplier equal protection of the laws. Even assuming that the doctrine of *Perkins v. Lukens Steel Co., supra*, leaves some room for an equal protection argument in a procurement context, the plaintiff would be required to establish more than that the purchasing decision is *wrong* or *unjustifiable* on the merits. At least in the absence of an invidious and "discriminatory design to favor one individual . . . over another," *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944), which has neither been alleged * by plaintiff nor found by the district court in the case at bar, a state agency's purchasing decision is not subject to review in federal court.

Plaintiff having failed to show a probability of ultimate success, the preliminary injunction order is reversed. The mandate shall issue forthwith.

---

\* The allegation that the selection of the competitor's valves "has no rational basis in any engineering, architectural, or other standard" and "is wholly arbitrary, capricious and without reasonable justification" is insufficient. The state may base its purchasing decisions on whimsical, arbitrary, or idiosyncratic criteria without implicating the equal protection clause.