**HOAGY WRECKER SERVICE, INC. and James Hoagland, Plaintiffs,**

v.

**CITY OF FORT WAYNE, et al., Defendants.**

Civ. No. F 90–232.

United States District Court, N.D. Indiana, Fort Wayne Division.

Oct. 15, 1991.

**1352**

John Thrasher, Indianapolis, Ind., for plaintiffs.

J. Timothy McCaulay, Fort Wayne, Ind., for defendants City of Fort Wayne, Fort Wayne Police Dept., Fort Wayne Dept. of Public Safety, Moore, Tyler and Berning.

G. William Fishering, William J. Tutwiler, Fort Wayne, Ind., for defendant BLT Towing, Inc.

Vincent J. Heiney, Haller & Colvin, John D. Walda, Barrett & McNagny, Fort Wayne, Ind., for defendant Kelley Wrecker Service.

WILLIAM C. LEE, District Judge.

### ORDER

This matter is before the court on defendant BLT Towing, Inc.'s motion to dismiss or alternative motion for summary judgment[1], defendant Kelley Wrecker Service's motion to dismiss or alternative motion for summary judgment, defendant City of Fort Wayne, *et al.*, motion to dismiss, and plaintiffs' motion to make technical corrections to their second amended complaint[2]. All the motions have been fully briefed and the court heard arguments on the motions on July 1, 1991.

### Standard for Dismissal

In deciding a motion to dismiss for failure to state a claim, this court must take the well pleaded factual allegations of the plaintiffs' complaint as true. *Ashbrook v. Hoffman,* 617 F.2d 474 (7th Cir.1980). The complaint must be considered in the light most favorable to the plaintiff and every doubt must be resolved in the plaintiff's favor. *Henry C. Beck Co. v. Fort Wayne Structural Steel,* 701 F.2d 1221 (7th Cir. 1983). Dismissal is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Nonetheless, a complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." *Papapetropoulous v. Milwaukee Transport Service,* 795 F.2d 591, 594 (7th Cir.1986). "The heavy costs of modern federal litigation ... counsel against launching the parties into pretrial discovery if there is no reasonable prospect that the plaintiff can make out a cause of action from the events narrated in the complaint." *Sutliff, Inc. v. Donovan Companies, Inc.,* 727 F.2d 648, 654 (7th Cir.1984).

### Municipal Defendants

Plaintiffs' second amended complaint, filed May 9, 1991, consists of four counts. Count I alleges the deprivation of equal protection in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; Count II alleges false arrest and imprisonment and deprivation of property rights in violation of the Fourteenth Amendment and § 1983; Count III is a pendant state claim and alleges unauthorized regulation of private industry; and Count IV is a pendant state claim and alleges illegal contract bidding.

On May 20, 1991, the municipal defendants[3] filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted. Defendants' motion is based upon the fol-

---

1. Plaintiffs filed their original complaint on December 21, 1990 and filed their first amended complaint on February 6, 1991. On April 8, 1991 defendant BLT Towing, Inc. filed a motion to dismiss and alternative motion for summary judgment. On May 9, 1991, plaintiffs filed their second amended complaint. On June 5, 1991 BLT Towing, Inc. filed a motion to dismiss plaintiffs' second amended complaint and alternative motion for summary judgment. As a result of these later motions addressed to plain-

tiffs' second amended complaint, BLT Towing, Inc.'s motions filed April 8, 1991 are deemed moot.

2. Plaintiffs' motion is granted.

3. City of Fort Wayne, City of Fort Wayne Police Department, City of Fort Wayne Department of Public Safety, Neil Moore, Tom Tyler, and Dave Berning.

lowing arguments: (1) Plaintiffs fail to properly state an equal protection claim because they fail to identify others similarly situated but treated differently and fail to show the alleged classification is not rationally-based; (2) Plaintiff Hoagland's constitutional false arrest claim, to the extent it is based on any constitutional source other than the Fourteenth Amendment due process clause, is factually insufficient in that no *facts* are alleged to support a claim that a "seizure" occurred; (3) Plaintiffs' deprivation of property claim fails the *Parratt* test as an adequate alternative post-deprivation state remedy exists; (4) Plaintiff Hoagland's deprivation of liberty claim fails the *Parratt* test as an adequate alternative post-deprivation state remedy exists; (5) State law authorizes the towing regulations the City of Fort Wayne undertook; and (6) State bidding laws do not require bidding of towing service contracts.

The facts pertinent to this motion to dismiss are as follows. Plaintiff Hoagy Wrecker Service, Inc. ("Hoagy Wrecker") is a private towing service operator and plaintiff James Hoagland is an employee of Hoagy Wrecker. The plaintiffs' various allegations arise, in part, out of the City's award to the defendant towing service operators (Kelley Wrecker Service and BLT Towing, Inc. d/b/a Allen County Towing) of contracts to handle towing of disabled vehicles which constitute a hazard or obstruction to the movement of pedestrian or vehicle traffic on a public right-of-way when requested by members of the Fort Wayne Police Department. Plaintiffs' allegations also arise out of an incident occurring on or about August 15, 1990 when Hoagy Wrecker and Hoagland were not permitted to tow a disabled vehicle from a public thoroughfare.

The court will first analyze plaintiffs' equal protection claim (Count I of the Second Amended Complaint) in light of the standards pertaining to motions to dismiss. Paragraphs 14–20 of the Plaintiffs' complaint attempts to set out the facts underlying plaintiffs' equal protection claim as follows:

14. The City of Fort Wayne, Indiana, has acted under State law by adopting a city ordinance requiring or allowing the City to contract for tow services as needed. In reliance on this ordinance, these defendants' custom and practice is to contract with a private tow operator for the purpose, and to call on the contracted service when and as needed.

15. The Defendant City of Fort Wayne ("the City") has two types of tow service contracts to let. One, called herein the Civil City Contract, is for the towing of disabled City–owned vehicles. The other, called herein the City Police Contract, is for the towing of other disabled vehicles. These contracts are similar in all important respects.

16. With respect to the City Police Contract, the City has failed and refused to treat Hoagy Wrecker in the same way it treats Hoagy Wrecker with respect to the Civil City Contract.

17. With respect to the City Police Contract, the City has failed and refused to treat Hoagy Wrecker in the same way it treats other tow service operators with respect to the City Police Contract.

18. Hoagy Wrecker is similarly situated with respect to both contracts; with other tow service operators with respect to the City Police Contract; and with respect to the Civil City Contract as the defendant tow service operators are with respect to the City Police Contract.

19. The City has deprived Hoagy Wrecker of equal protection under the law by one or more of the following methods, without limitation:

a) Where the City did not permit Hoagy Wrecker to bid on only a portion of the available City Police contract, it awarded that portion to a competitor of Hoagy Wrecker without letting that portion out to a separate bid;

b) Where the City requires Hoagy Wrecker to comply with all Federal, State and local laws and regulations in executing the Civil City Contract at considerable expenses to Hoagy Wrecker, the City does not require the tow service defendants to comply with those laws with respect to the City

Police Contract or to bear the expense of doing so;

c) Where the City required Hoagy Wrecker to submit a completed bid for the Civil City Contract, it awarded a lucrative portion of the City Police Contract to the Defendant, B.L.T. Towing, on the strength of an incomplete bid;

d) Where the City would not permit a successful bidder on the City Police Contract to subcontract a portion of that contract to Hoagy Wrecker, it awarded the entire contract to the Defendant, Kelley Wrecker Service, and then embodied Kelley's wish to sublet the same portion to B.L.T. Towing as official city policy;

e) In preparing the specifications to which a tow service company must conform to bid on the City Police Contract, the City consulted employees of BLT and Kelley Wrecker and drafted specifications that were unreasonably restrictive and which only BLT or Kelley Wrecker could meet.

20. Under the color of State law, the Defendants imposed restrictions on Hoagy Wrecker's participation in a public contract bid in ways that were not rationally related to the purpose to be served by letting the contract. Either the City imposed no such restrictions on Kelley Wrecker or BLT, or the restrictions it did impose on them were designed to include them and exclude the Plaintiff for reasons unrelated to the Plaintiff's ability to perform the contract competently.

Plaintiffs' Second Amended Complaint at ¶¶ 14–20.

The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race. *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976). The Equal Protection Clause commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne, Texas v. Cle-burne Living Center*, 473 U.S. 432, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Nevertheless, when social or economic legislation is at issue the Equal Protection Clause allows the states wide latitude and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes. *Id.*

Equal protection demands at a minimum that a municipality must apply its laws in a rational and nonarbitrary way. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 1072–73, 30 L.Ed. 220 (1886). This requires a showing that its application of the law "rationally furthers some legitimate, articulated state purpose and therefore does not constitute invidious discrimination." *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973). This does not mean that error or mistake in the application of the law gives rise to an equal protection claim. Rather it protects against intentional invidious discrimination by the state against persons similarly situated. *Ciechon v. City of Chicago*, 686 F.2d 511, 522–23 (7th Cir.1982).

The state, as a purchaser of services, enjoys a broad freedom to deal with whom it chooses on such terms as it chooses. *Coyne–Delany Co. v. Capital Development Bd.*, 616 F.2d 341, 342 (7th Cir. 1980). At least in the absence of an invidious and discriminatory design to favor one individual over another, a state agency's purchasing decision is not subject to review in federal court. *Id.* at 343. In fact, the state may base its purchasing decisions on whimsical, arbitrary, or idiosyncratic criteria without implicating the equal protection clause. *Id.* Further, a plaintiff who does not belong to a vulnerable group or allege the infringement of a fundamental right must prove that the state or municipality has acted with "sheer senselessness" in order to prove a denial of equal protection. *Pontarelli Limousine, Inc. v. City of Chicago*, 929 F.2d 339, 343 (7th Cir.1991).

It is abundantly clear to the court that plaintiffs' equal protection claim must be dismissed pursuant to Rule 12(b)(6). The plaintiffs, who do not belong to a vul-

nerable group and do not allege the infringement of a fundamental right, have simply failed to allege sufficient facts to support an equal protection violation claim. For example, the complaint at paragraph 17 claims that the City refused to treat Hoagy Wrecker in the same way it treats other tow service operators. This is a mere conclusory allegation which fails to state a claim in the absence of supporting facts. Similarly, paragraph 19 of plaintiffs' complaint fails to state a claim. Although paragraph 19 includes five separate allegations of unequal treatment, these allegations nevertheless fail to set out any factual details which, if true, would prove that the municipal defendants acted with "sheer senselessness" or there was an invidious and discriminatory design to favor one towing service over another. At the most, plaintiffs' complaint suggests that the municipal defendants erred in the administration of the bidding process in such a way that Hoagy Wrecker was inadvertently excluded from bidding on a public contract. Thus, plaintiffs' equal protection claim will be dismissed for failure to state a claim.

 Next, the court will analyze plaintiffs' claims of false arrest and imprisonment and deprivation of property rights (Count II of the Second Amended Complaint). Paragraphs 26–29 of Plaintiffs' complaint relate to their claim of false arrest and imprisonment and state as follows:

26. On or about August 15, 1990, Hoagy Wrecker received a service call from a merchant with which Hoagy Wrecker had an existing and ongoing service contract. That contract provided that the merchant would call exclusively upon Hoagy Wrecker whenever one of its trucks become disabled anywhere in Allen County, Indiana. Hoagy Wrecker responded to the call by dispatching Mr. Hoagland and a properly equipped and clearly marked tow service truck.

27. Before Mr. Hoagland could perform his employer's contract with the merchant on that occasion, Defendants Tyler and Berning, or one of them, instructed him to leave the scene as his was not the wrecker service the Fort Wayne Police had called to the scene.

28. The wrecker service the Fort Wayne Police had called to the scene was not at the scene when Mr. Hoagland arrived in Hoagy Wrecker's truck, nor was it there when the Defendants, or one of them, ordered Mr. Hoagland to leave the scene.

29. Mr. Hoagland refused to abandon his employer's contract, and as a result he was falsely and wrongfully restrained of his liberty without cause by Defendants Tyler and Berning, or one of them. At that time Defendants Tyler and Berning were entirely relying on their positions as Fort Wayne Police officers, and they conducted themselves under the color of state law.

Plaintiffs' Second Amended Complaint at ¶¶ 26–29.

Essentially, Hoagland is complaining that he was arrested without due process[4]. However, although plaintiff alleges that he was "falsely and wrongfully restrained of his liberty without cause" this is a mere legal conclusion, unsupported by any factual assertions in the complaint. First, there are no facts which suggest that plaintiff was restrained. In fact, paragraphs 27 and 28 of plaintiffs' complaint suggest that the exact opposite occurred, and that Hoagland was instructed by police officers to leave the scene. Second, there are no facts in the complaint which suggest that the police did not have the right to restrain Hoagland's liberty, if they did in fact do so. Plaintiffs have admitted that they were not awarded the City Police Contract. Consequently, the plaintiffs had no right to tow disabled vehicles over which the police had exercised authority. If Hoagland had, for instance, insisted on hooking his tow truck to the disabled vehicle, the police would have had the authority to restrain Hoagland in order to carry out their duty to

---

4. *See* Plaintiffs' Memorandum in Opposition to City Defendants' Motion to Dismiss, filed June 4, 1991, at 8.

clear the roadways of disabled vehicles in accordance with city regulations and contracts[5]. Third, even if Hoagland was wrongfully restrained, or even wrongfully arrested, this does not mean that Hoagland has a civil rights claim under § 1983. To assert a claim of unlawful arrest under § 1983, plaintiff would have to allege facts supporting the inference that he was arrested without probable cause as the existence of probable cause precludes a § 1983 claim. *Mark v. Furay*, 769 F.2d 1266 (7th Cir.1985). Plaintiff has not provided the court with any facts which would support an inference that Officers Tyler and Berning acted unreasonably under the circumstances in arresting or otherwise restraining Hoagland and thus acted without probable cause. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983); *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 438–39 (7th Cir.1986). In fact, plaintiffs' brief, conclusory allegations do not even explain to the court what the circumstances were on August 15, 1990, let alone explain that the police acted unreasonably under those circumstances. The court finds that plaintiffs have failed to state a claim for false arrest and imprisonment and these claims will be dismissed.

■ Plaintiffs have also alleged in Count II of their complaint that the municipal defendants deprived them of their property rights in violation of the Fourteenth Amendment and § 1983[6]. Essentially, Hoagy Wrecker is claiming that the City police officers interfered with its contract with a local merchant to tow the merchant's disabled vehicles.

A claim for deprivation of property without due process must allege: (1) an act or omission under color of state law; (2) a claim that falls within the definition of property; and (3) a loss that amounts to a deprivation. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 1911–12, 68 L.Ed.2d 420 (1981). Since the Fourteenth Amendment protects only against deprivations that occur "without due process of law", if the state provides an adequate post-deprivation remedy there has been no violation of the Fourteenth Amendment and plaintiffs have no Fourteenth Amendment claim.

Clearly, in Indiana, a tortious interference with contract is actionable in state court. *Flintridge Station Associates v. American Fletcher Mortgage Co.*, 761 F.2d 434, 440 (7th Cir.1985); *Hughes Masonry v. Greater Clark County School Bldg.*, 659 F.2d 836, 840 n. 8 (7th Cir.1981). Plaintiffs, however, assert that this state law remedy is inadequate for the reason that the municipal defendants are immune from liability in any state action pursuant to the Indiana Tort Claims Act, I.C. 34–4–16.5–3, which provides that:

A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\* \* \* \* \* \*

(7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations) unless the act of enforcement constitutes false arrest or false imprisonment.

In the present case, plaintiffs claim that the officers were acting in the scope of their employment and were enforcing a local ordinance when they deprived the plaintiffs of their property right. However, if the City police were acting in accordance with a local ordinance, and their actions were reasonable under the circumstances, then plaintiffs have no cause to

---

5. The common law provides that an officer may make a custodial arrest for a misdemeanor if the misdemeanor was committed in his presence. *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 441 (7th Cir.1986). Under Indiana law it is a misdemeanor to interfere with a law enforcement officer while the officer is lawfully engaged in the execution of his duties as an officer. I.C. 35–44–3–3. It is also a misdemeanor to refuse to assist an officer in the execution of the officer's duties. I.C. 35–44–3–7.

6. Paragraph 34 of Plaintiffs' Second Amended Complaint states that "Arbitrarily to deprive Hoagy Wrecker of a valuable contract right without due process of law is a violation of the Fourteenth Amendment and of its enforcing statutes, especially 42 U.S.C. Sec. 1983, and gives Hoagy Wrecker the right to an action for damages."

complain of the officers' actions. The officers' lawful and reasonable exercise of authority over the disabled vehicle abrogated any contract right plaintiffs may have had with the owner or driver of the disabled vehicle. I.C. 35–44–3–3. *See* note 3, *supra.* Also, plaintiffs clearly did not have any right to tow vehicles which were covered by the City Police Contract, which plaintiffs admit they were not awarded.

Further, if the officers were not acting in furtherance of a state or local ordinance, possibly rendering their exercise of authority over the disabled vehicle an unlawful deprivation of plaintiffs' contract rights, then the officers simply were not acting in the scope of their employment[7], the Indiana Tort Claims Act is not applicable, and the plaintiffs would be permitted to sue the officers in state court.

Thus, it is clear that plaintiffs have not adequately stated a claim for deprivation of a property right without due process. If, as plaintiffs allege, the officers were acting in the scope of their employment, then in the absence of allegations of unreasonable conduct there was no deprivation of property actionable under § 1983. If the officers were not acting in the scope of their employment, then the plaintiffs have an adequate state post-deprivation remedy in the form of a state action for tortious interference with contract. Accordingly, plaintiffs' claim of deprivation of property without due process will be dismissed.

Counts III and IV of Plaintiffs' Second Amended Complaint are pendent state tort claims against the municipal defendants only. As plaintiffs' federal claims against the municipal defendants have been dismissed, the court will also dismiss plaintiffs' pendent claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

#### *Defendants BLT Towing, Inc. and Kelley Wrecker Service*

■ Defendants BLT and Kelley have each filed a motion to dismiss or, in the alternative, motion for summary judgment. BLT and Kelley are only named in Counts I and II of plaintiffs' Second Amended Complaint, which assert violations of plaintiffs' civil rights under § 1983.

A private defendant acts "under color of" state law for purposes of § 1983 when he is "a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 281 (7th Cir.1986). For the conduct of a private individual to meet the state action requirement, there must be a sufficiently close connection between the state and the challenged conduct for the actor to be treated as an agent of the state, or the conduct to be attributed to the state. *Blum v. Yaretzky,* 457 U.S. 991, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982); *Sims v. Jefferson Downs Racing Ass'n,* 778 F.2d 1068, 1076 (5th Cir.1985).

■ Count I of plaintiffs' complaint does not set forth any allegations against defendants Kelley Wrecker Service and BLT Towing, Inc. except for a general allegation in paragraph 21 which states as follows:

21. Under the color of State law, The City of Fort Wayne, Kelley Wrecker and BLT, Inc. have deprived Hoagy Wrecker's constitutionally protected right to equal protection under the law, and as a direct and proximate result thereof has damaged the Hoagy Wrecker in an amount as yet to be determined.

Plaintiffs' Second Amended Complaint at ¶ 21.

Plaintiffs' complaint simply does not adequately state a claim, under § 1983 or otherwise, against the private defendants since the complaint fails to allege any actions taken by these two defendants.

■ Count II of plaintiffs' complaint contains the following paragraph:

32. In the first alternative, Hoagy Wrecker pleads that the defendant tow operators joined in the same agreement

---

7. "Scope of employment" under the Indiana Tort Claims Act has been construed to reflect the statutory or contractual duties of public employees. *Carrell v. City of Portage, Ind.,* 609 F.Supp. 314, 317 (N.D.Ind.1985).

with defendant City and benefit from its arbitrary policy requiring that Hoagy Wrecker be excluded from any tow service job required of the City of Fort Wayne to the extent that that policy reduces competition among them for available service calls. Since they act under that agreement in all things as an arm of the Fort Wayne Police Department; since they act with respect to that agreement under the direction and control of Neil Moore or others under his direction and control; and since Neil Moore's policy of exclusion was influenced by those defendants and their wish that he exclude Hoagy Wrecker from service, the defendant tow service operators are an arm of a municipality within the State of Indiana for purposes of this action and are each equally liable with Neil Moore for damages resulting to Hoagy Wrecker from the arbitrary actions of Neil Moore.

Plaintiffs' Second Amended Complaint at ¶ 32.

This is the only reference in Count II to the defendants Kelley Wrecker Service and BLT Towing, Inc. There are no facts alleged anywhere in the complaint to support the conclusory statement that Kelley Wrecker Service and BLT Towing, Inc. "joined in the same agreement" with the City of Fort Wayne. In fact, the complaint does not allege *any* action taken by the defendants, under color of state law, or otherwise, and does not indicate what agreement the City had in which the private defendants allegedly joined. See *Cunningham v. Southlake Center for Mental Health*, 924 F.2d 106, 107–08 (7th Cir.1991); *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980). At the most, the complaint suggests that Neil Moore was influenced by a "wish" of the defendants to exclude plaintiffs from performing towing services for the City of Fort Wayne. Clearly, private defendants do not act under color of state law merely because they wished the state to take action, even if that state action itself was a violation of § 1983.

Furthermore, even if the plaintiffs had alleged sufficient facts for this court to infer that the private defendants had willfully participated in a joint action with the municipal defendants, the claims against the private defendants would still be dismissed because, as discussed earlier, the plaintiffs have failed to allege facts supporting its claim that the municipal defendants have violated the Equal Protection Clause.

Consequently, the plaintiffs' claims against defendants Kelley Wrecker Service and BLT Towing, Inc. will be dismissed for failure to state a claim.

Defendants Kelley Wrecker Service and BLT Towing, Inc. have also filed an alternative motion for summary judgment. Since defendant BLT Towing, Inc. has adopted defendant Kelley Wrecker Service's briefs and arguments the two alternative motions for summary judgment will not be discussed separately.

■ The court will first address the defendants' argument that Counts I and II of the plaintiffs' complaint are barred by Indiana's statute of limitations. In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the United States Supreme Court ruled that federal courts, in deciding all § 1983 cases must look to the state's statute of limitations for personal injury actions to determine the appropriate limitations period. Indiana's statute of limitations for personal injury actions is two years. I.C. 34–1–2–2(1).

Count I alleges deprivation of equal protection and is based on actions taken by the municipal defendants on or before November 4, 1988, the date bids were no longer accepted for the City Police Contract. Plaintiffs filed this suit on December 21, 1990, more than two years after plaintiffs' alleged injury, the unequal application of the bidding procedure, was complete. By December 5, 1988 the results of the bids were ascertainable by any interested persons. Therefore, defendants argue, the plaintiffs' complaint is untimely. Plaintiffs, in response, do not argue that their action for damages under § 1983 is not barred. However, plaintiffs argue that they are also seeking a declaratory judgment as well as injunctive relief and imply

that the two year statute of limitations is not applicable. Apparently, plaintiffs are alleging a continuing violation of rights in an attempt to avoid the two year statute of limitations. However, the City's bidding procedure, even if improperly conducted in 1988, does not necessarily give plaintiffs a right to declaratory relief.

The Declaratory Judgment Act was designed to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued." *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir.1969). It is always discretionary with the court whether to entertain an action for a declaratory judgment. *Brillhart v. Excess Ins. Col. of America*, 316 U.S. 491, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). In *Cunningham*, the court reasoned that the plaintiffs' claim did not fall within the purpose of the declaratory judgment act because the claim was not brought to avoid damages which would accrue if a certain course of conduct was taken in the future. 407 F.2d at 1168. Because the plaintiffs' claim did not fall within the purpose of the act, the court dismissed the plaintiffs' complaint. In this case, a declaration of the parties' rights will not prevent the accrual of avoidable damages and therefore, will not serve the purpose of the act. Consequently, the court finds that plaintiffs' complaint does not state a claim under the declaratory judgment act.

■■■ Even if plaintiffs' complaint were not dismissed for failure to state a claim, the court would be required to grant summary judgment for the defendants because plaintiffs' declaratory judgment action is barred by the statute of limitations. Admittedly, declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated, and limitations statutes do not apply to declaratory judgments as such. *Luckenbach Steamship Co., Inc. v. United States*,

312 F.2d 545, 548 (2d Cir.1963). There are no statutes which provide that declaratory relief will be barred after a certain period of time. *Id.* However, in the federal courts, where the plaintiff pursues a declaratory judgment action in a case where the plaintiff could have sought relief by way of damages under a federal statute, that statute's limitations period applies. 22A Am.Jur.2d, *Declaratory Judgments*, § 184 (1988). As this court has jurisdiction over this case pursuant to 42 U.S.C. § 1983 [8], the statute of limitations applicable to § 1983 actions applies to plaintiffs' declaratory judgment action. As discussed earlier, plaintiffs' complaint was not filed within the two-year statute of limitations period and, consequently, plaintiffs' request for declaratory relief is barred. Accordingly, summary judgment will be granted in favor of defendants Kelley Wrecker Service and BLT Towing, Inc. with respect to Count I of plaintiffs' complaint.

■■■ Moving on to Count II of plaintiffs' complaint, the court notes that plaintiffs admitted at oral arguments that Count II did not sound against Kelley Wrecker Service. Thus, the court will consider only whether summary judgment should be granted in favor of defendant BLT Towing, Inc. on Count II.

The threshold requirement plaintiffs must meet to successfully oppose BLT Towing, Inc.'s summary judgment motion is to present evidence that BLT Towing, Inc.'s actions somehow rendered it a state actor for purposes of § 1983. Defendant BLT Towing, Inc., by way of affidavit of Thomas Johnson, President of BLT Towing, Inc., has presented evidence that BLT Towing, Inc. did not advise, counsel, or make any recommendations to the officials of the City of Fort Wayne regarding the award of the City Police towing contract. Plaintiffs have presented no evidence which rebuts Johnson's affidavit or otherwise shows the necessary connectedness between any state or city official or agency

---

**8.** The Declaratory Judgments Act did not extend the jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Luckenbach Steamship Co., Inc. v. United States*, 312 F.2d 545, 552 (1963).

and BLT Towing, Inc. such that BLT Towing would be considered acting under color of state law for purposes of § 1983. Consequently, the court will grant summary judgment in favor of BLT Towing, Inc. with respect to Count II of plaintiffs' complaint.

### Conclusion

For the foregoing reasons, all of the defendants' motions to dismiss are hereby GRANTED. Furthermore, summary judgment is hereby GRANTED in favor of defendants BLT Towing, Inc. and Kelley Wrecker Service.